UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

V.                                : NO 3:99 CR 00264 (PCD)

LEONARD JONES

MEMORANDUM OF DECISION

Pending is the Motion to Re-Sentence movant, Leonard Jones based on his argument of his age and a disparity in his sentence from that imposed on other defendants in the case. After review of the moving papers and reconsideration of the factors relevant to movant's sentence, the motion is denied.

Leonard Jones stands convicted, by a jury's verdict, of four counts; 1)Racketeer Influence and Corrupt Organizations Act; 2) Conspiracy to violate RICO, 3) Conspiracy to Distribute more than 1,000 grams of heroin and 50 grams of cocaine base; 4) Conspiracy to Commit Murder. The Guideline sentence was life imprisonment.

Movant first notes that he is over 50 years of age and thus presents a diminished risk of recidivism which in turn warrants a lesser sentence to accomplish the purpose of reducing, if not eliminating, the risk that movant will continue to violate the law after serving his sentence. It is true that courts have found that older people can have a lesser tendency to follow the motivation that prompted their unlawful conduct. That is not a universal truth, however, and is merely one factor in the court's decision on the appropriate sentence that would deter the repetition of criminal conduct by a convicted defendant. While defendant is of an age that groups him with others who, overall, are statistically less prone to recidivism, it does not suggest impropriety in looking at a defendant's record of criminal conduct. It also does not suggest that the court must

ignore the conduct of which defendant stands convicted. Defendant here stands convicted of very serious misconduct which caused serious negative impact on the community. His role in the distribution of a vast amount of illegal drugs must be found to have had a major negative impact on the lives of the users of the drugs. While defendant is not solely responsible for the effects of the use of the drugs for the distribution of which he stands convicted, he nonetheless was a major factor in those affected by their use. Further his motivation in the role he played in the distribution was the substantial profit he derived from the sale of drugs to the extent as was demonstrated in this case. His ruthless pursuit of the distribution by violence and murder cannot be said to have any redeeming quality and suggest a real risk of a return to a life of crime if he is freed from a long sentence.

In his second argument, defendant points to lesser sentence of some co-defendants. What he does not recognize is the difference in his conduct and background from that of those whose sentence was less that his. He had a greater role as the leader of the organization. Also others among the defendants had lesser roles and therefor lesser charges of which they stand convicted. Two defendants, Aaron Harris and Quin Powell were sentenced to guideline sentences of life imprisonment, one of Powell's convictions being for conspiracy to murder. They were closely comparable to defendant in the conduct for which they were convicted. It cannot therefor be said that defendant alone was sentenced as severely as was he.

All of the factors in defendant's case, the scale of the distribution, his role, the elimination of competition by use of violence in achieving the distribution, the murder of Anthony Scott, all of which were noted as considered in the guideline sentence, clearly reflected the due consideration of the guideline and fulfillment of the factors recited in 18 U.S.C. 3553(a). There is no reasonable basis for imposing a non-trivial reduced sentence for which

defendant has moved. For all the forgoing reasons, the sentence imposed was fair and reasonable and not more than necessary after consideration of the guideline and to comply with the provisions of 18 U.S.C. 3553(a). Accordingly the Motion to Reconsider the sentence is granted but after due consideration, as discussed above, the sentence will not be reduced.

SO ORDERED:

Dated at New Haven, Connecticut this 5th day of October, 2009.

/s/ Peter C. Dorsey SUSDJ
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE